IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: PAUL ALFRED ROSBERG,<br><br>Debtor. | 8:20-CV-463<br><br>BK NO. 20-80487<br><br>**MEMORANDUM AND ORDER** |

Appellant, Paul Alfred Rosberg, has filed a Motion for Reconsideration. Filing 6. For the following reasons, the Court denies the motion.

Aa noted in the Court's prior orders, Rosberg failed to timely present a statement of issues on appeal. Fed. R. Bankr. P. 8009; Filing 3 at 1; Filing 4 at 1. On November 19, 2020, the Court ordered Rosberg to file his statement of issues within fourteen days. Filing 3 at 1. This Order was mailed to Rosberg at his address of record and cautioned Rosberg that his failure to comply could result in dismissal of his appeal. Filing 3; *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."). Rosberg failed to file a statement of issues within fourteen days as ordered. Accordingly, due to his repeated failure to comply with the applicable rules and Court's orders, the Court dismissed Rosberg's appeal on December 7, 2020. Filing 4.

Rosberg filed a Motion for Reconsideration on December 18, 2020. Filing 6. He pleads ignorance of the Federal Rules of Bankruptcy Procedure and claims not to have received the Court's November 19, 2020, order requiring him to file a statement of issues within fourteen days

1

because "the mail is unreliable where [he] live[s]." Filing 6 at 1. He asks the Court to reverse its dismissal and set the matter for oral argument. Filing 6 at 1-2.

Federal Rule of Bankruptcy Procedure 9024 states that Federal Rule of Civil Procedure Rule 60 applies to motions for relief from a judgment or order except in circumstances not relevant here. Rule 60(b) permits a Court to grant relief from a judgment in the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60 motion "must be made within a reasonable time." Fed. R. Civ. P. (60)(c)(1).

Rosberg does not specify under which portion of Rule 60 he moves for reconsideration, but the Court interprets his motion as one invoking "excusable neglect" under Rule 60(b)(1). Rosberg argues he initially failed to timely file a statement of issues because he was not aware of the rule requiring him to do so and that he subsequently failed to comply with the Court's order requiring him to file a statement of issues because he did not receive it. Rosberg's mere ignorance of the applicable rules and the required timeline for filings does not constitute excusable neglect. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000) ("Although neglect no longer needs to be beyond a party's control to be deemed excusable, 'inadvertence, ignorance of

the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993))). Furthermore, the Court does not find excusable neglect based on Rosberg's claim of not having received the November 19, 2020, Order. The Court mailed the order to Rosberg's address of record which he provided to the Court and where he has previously received all other correspondence from the Court. Accordingly,

IT IS ORDERED:

1. Appellant's Motion for Reconsideration, Filing 6, is denied; and
2. The Clerk of the Court is ordered to mail a copy of this Order to Appellant at his address of record.

Dated this 12th day of January, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3